UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2615 VBF (MRW) | Date | July 25, 2014 |
|---|---|---|---|
| Title | Robinson v. DCFS | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica McKamie | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None present | | None present |

**Proceedings:** (IN CHAMBERS)   ORDER TO SHOW CAUSE WHY PROOF OF SERVICE SHOULD NOT BE DISREGARDED AND ACTION DISMISSED

This is a pro se action involving Plaintiff's claims against various participants in a state family court dispute. Because Plaintiff paid the filing fee and did not request in forma pauperis treatment, she was responsible for serving the complaint on the defendants and submitting proof of proper service within the statutory period.

What Plaintiff ultimately filed was a photocopy of various certified U.S. Mail receipts indicating that she mailed the summons and complaint to the litigants. (Docket # 7.) Plaintiff did not explain in her proof of service that she personally delivered the materials to any of the individual or entity defendants. Notably, since the May 2014 mailings, none of the named and putatively-served defendants has appeared in the action.

Plaintiff's proof of service application is likely insufficient to establish legitimate service under federal or state law. Plaintiff's claim purports to name, among other parties, the Los Angeles County Department of Children's Protective Services. As a local governmental agency, Federal Rule of Civil Procedure 4(j)(2) requires that the agency "must be served by delivering a copy of the summons and of the complaint to its chief executive officer or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." California law is equally clear. Pursuant to California Code of Civil Procedure section 416.50(a), "A summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." "Delivery" under California law means personal delivery of the materials, unless an alternative method is permitted under the statute. CCP § 415.10-415.20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2615 VBF (MRW) | Date | July 25, 2014 |
|---|---|---|---|
| Title | Robinson v. DCFS | | |

Notably, nowhere in the statutory codes is there any support for service on a municipality by simple mail service to the agency. Similarly, to the extent that Plaintiff wishes to sue and serve the U.S. Department of Veterans Affairs, specific procedures regarding the service of a federal agency apply. See Fed. R. Civ. P. 4(i).

The Court has real doubts about the legitimacy of Plaintiff's service on any of the defendants in a manner that complies with the law. Therefore, IT IS ORDERED that Plaintiff will show cause as to why the Court should not strike the facially defective proof of service and dismiss the action for failure to prosecute. Plaintiff will respond to this order by filing a submission (not to exceed 5 pages) addressing these service issues by or before August 18, 2014.

**Plaintiff is advised that the failure to respond to this order will lead the Court to recommend that the action be dismissed under Federal Rule of Civil Procedure 41 for failure to prosecute the action.**